I concur with the majority's decision in this case. I write separately only to comment on an observation made by the majority.
 {¶ 27} In paragraph 21, the majority finds it "difficult to see how the remarks of the prosecutor during opening statement * * * actually violated the prior in limine rulings of the court * * *."
 {¶ 28} The prior ruling of the trial court was clear and unequivocal. The trial court stated in its Entry of March 7, 2005, that: "the state is barred from presenting evidence as to the meaning of the [field sobriety] test results." Clearly a discussion of "divided attention" would be a discussion of the "meaning" of the tests.
 {¶ 29} While the comments of the prosecutor may not properly be considered as evidence, the comments were obviously intended to direct the jurors' attention to matters that would require expert testimony to explain. Since the State failed to advise the trial court that an expert would be called to testify, we must assume that the prosecution had no intention of presenting such expert testimony. The trial court's previous ruling had clearly stated that the arresting officer could only testify to his observations and could not offer any conclusions unless such conclusions were supported by expert testimony. Any discussion of "divided attention" would constitute such an unsupported conclusion. My conclusion, therefore, is that the prosecutor was improperly "testifying" about matters which she knew the arresting officer would be prohibited from discussing.
 {¶ 30} The trial court could have admonished the prosecutor and given a limiting instruction to the jury. However, the issue of "divided attention" had been injected into the minds of the jurors, and it is highly unlikely that any instruction by the court would remove it from the consideration of the jurors.